**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

MARION P. CHAMPLIN,

       Plaintiff,

vs.                                                    CASE NO.  5:08cv76-RS-AK

CORRECTIONS CORPORATION
OF AMERICA, INC.,

       Defendant.

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

      Before me is Defendant's Motion to Dismiss (Doc. 5).  Plaintiff opposes the motion (Doc. 6).

## I.  Background

      Plaintiff Marion P. Champlin has sued Defendant Corrections Corporation of America, Inc. ("CCA"), for damages allegedly resulting from CCA's conversion or theft of her personal property.  Plaintiff contends that in March 2007, CCA employees inventoried and took custody of her possessions as part of the booking process at the Bay County Jail in Panama City, Florida.  CCA manages the jail.

      Plaintiff avers that upon her release from the jail a few days later, CCA failed to return several of her belongings, including jewelry valued at more than $100,000.00, eyeglasses, contact lenses, sunglasses, wallet, cell phone, perfume,

makeup, driver's license, credit cards, watch, and cash.  Although Plaintiff has filed complaints with CCA and the Bay County Sheriff's Office, the investigation remains open and no arrests have been made.

The four-count complaint (Doc. 1) asserts claims for violations of Plaintiff's civil rights under 42 U.S.C. § 1983; civil theft/conversion under Fla. Stat. § 772.11; negligence; and intentional infliction of emotional distress.  Federal jurisdiction is allegedly based on § 1983 and diversity of citizenship.

The motion requests dismissal of the complaint on six grounds:

1.  The claim for civil theft/conversion asserted in Count Two is insufficiently stated because it fails to allege "felonious intent" or an "intent to deprive";

2.   The claim for intentional infliction of emotional distress in Count Four fails to allege the elements required to establish the claim;

3.  The claim arising under § 1983 should be dismissed because the underlying torts claims are insufficiently pleaded;

4.  The claim arising under § 1983 should be dismissed because Plaintiff has failed to allege or establish that the alleged theft was part of an "official policy" or "custom" of Defendant;

5.  The amount in controversy necessary to establish diversity jurisdiction was not alleged in good faith, and this Court therefore lacks diversity jurisdiction; and

6.  Because jurisdiction on the basis of federal question and diversity does not exist, the complaint requires dismissal for lack of subject matter jurisdiction.

Because the jurisdictional questions challenge this Court's power to decide all other issues, I will address those questions first.

## II.  Analysis

### A. Rules 12(b)(1) and 12(b)(6)

A motion under Fed. R. Civ. P. 12(b)(1) challenges the court's subject-matter jurisdiction.  Dismissal under Rule 12(b)(6), on the other hand, eliminates a pleading or portion of a pleading which fails to state a claim upon which relief can be granted.  In deciding whether to dismiss, the court must accept as true all allegations of the complaint and construe those allegations in the light most favorable to the plaintiff.  *See Scheuer v. Rhodes*, 416 U.S. 232, 235, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90, 96 (1974); *Lopez v. First Union Nat'l Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997); *Harper v. Thomas*, 988 F.2d 101, 103 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a), a complaint must give the defendant fair notice of the plaintiff's claims and the grounds upon which they rest.  *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged.  *Swierkiewicz*, 534 U.S. at 511 (quoting *Scheuer*, 416 U.S. at 236); *United States v. Baxter Int'l, Inc.*, 345 F.3d 866. 881 (11th Cir. 2003).

Until the Supreme Court decision in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), courts routinely followed the rule that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  *Conley*, 355 U.S. at 45-46.  The *Twombly* Court rejected a literal reading of the "no set of facts" rule and held that although a

complaint need not plead "detailed factual allegations" to survive a motion to dismiss for failure to state a claim, the complaint must contain enough factual matter (taken as true even if doubtful in fact) to establish a "plausible," as opposed to merely a "possible" or "speculative," entitlement to relief.  *Twombly*, 127 S. Ct. at 1964-66 (citations omitted).  A plausible entitlement to relief exists when the allegations in the complaint traverse the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive."  *Id.* at 1966, n.5.  In addition, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice.  *Id*. at 1964-65 (citations omitted).

**A.  Federal Question Jurisdiction**

To recover under section 1983, a plaintiff must establish (1) that she has been deprived of a right secured by the Constitution and the laws of the United States and (2) that the defendant was acting "under color of" state law in depriving her of this right.  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 930, 102 S. Ct. 2744, 2750, 73 L.Ed.2d 482 (1982); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1732-33, 56 L. Ed. 2d 185 (1978); *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150, 90 S. Ct. 1598, 1604, 26 L.Ed.2d 142 (1978).  As to the first requirement, the law is clearly established that a complaint which alleges violations of state law fails to state a claim under § 1983.  *See* 13B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3573.2 at 204 (1984) ("Even given the breadth of the federal Constitution and of the construction of "laws" within § 1983, not every right is a product of federal law, and those

rights that come from the states, rather than from the federal government, are not properly the subject of a § 1983 action.").  Here, the complaint fails to allege that Plaintiff has been deprived of a right secured by the Constitution or federal law. Count One alleges the following:

### COUNT ONE: VIOLATION OF CIVIL RIGHTS

Plaintiff sues Defendant for a violation of her civil rights and states:

30.   Plaintiff re-alleges paragraphs 1-29 as if set forth herein.

31.  This action is brought for a violation of 42 U.S.C. § 1983 for the actions by CCA as an entity charged with completing a state law function of incarceration of inmates.

32.  The CCA employees, under color of their authority granted to them by the State of Florida, took advantage of Plaintiff and committed conversion, civil theft, and infliction of emotional distress.

33.  Defendant is liable for the actions of its employees.

34.  Jurisdiction is specifically conferred upon this United States District Court by the aforementioned statute and 18 U.S.C. §§ 1331 and 1343.

35.  Defendant intentionally, willfully, and without regard for Plaintiff's rights, caused harm and damages to Plaintiff.

36.  Plaintiff seeks damages, reparations and a jury trial on all issues so triable.

(Compl., Doc. 1.)  Plaintiff has failed to state a claim under § 1983 because she unambiguously bases her § 1983 claim on violations of state law – conversion,

civil theft, and infliction of emotional distress – and does not identify a constitutional or federal right that has been infringed.

Plaintiff's response to the motion attempts to rescue her § 1983 claim by asserting that CCA has taken her "private property without due process or recourse" in violation of the Constitution and that CCA "has arguably violated Plaintiff's rights by cruel and unusual punishment of taking her property and not returning it."  (Resp., Doc. 6:8.).  Plaintiff has cited no authority to support her tenuous contention that CCA has "arguably" violated her right to be free from cruel and unusual punishment under the Constitution.

Plaintiff's contention that her procedural due process rights have been violated is equally devoid of merit.  The Supreme Court has held that unauthorized negligent and intentional deprivations of property by state employees do not give rise to § 1983 procedural due process claims unless the State fails to provide a meaningful postdeprivation remedy for the loss.[1] *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393, 407 (1984); *Parratt v. Taylor*, 451 U.S. 527, 537, 101 S. Ct. 1908, 1913-14, 68 L. Ed. 2d 420 (1981), *overruled on other grounds*, *Daniels v.  Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986).  In determining whether a "meaningful postdeprivation remedy for the loss is available," the Supreme Court has stated that "it is necessary to ask what process the State provided, and whether it was constitutionally adequate.[2]  This

---

[1]It is concerning that neither Plaintiff, nor CCA, cited this binding authority in the motion or response.

[2]Plaintiff has not alleged that the deprivation was caused by a state policy or practice, an exception to *Parratt-Hudson.  See Carcamo v. Miami-Dade County*, 375 F.3d 1104, 1105 (11th Cir. 2004).

inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Zinermon v. Burch*, 494 U.S. 113, 126, 110 S. Ct. 975, 108 L. Ed. 2d 100, (1990).

Here, Plaintiff has not alleged in the complaint, nor has she contended in her response, that she lacks a meaningful postdeprivation remedy, statutory or administrative, under Florida law to compensate her for her alleged losses. To the contrary, Plaintiff has asserted claims under Florida law. Because the claims for conversion and civil theft are based on the same allegations as those constituting the § 1983 claim, Florida courts have the power to compensate Plaintiff for her alleged losses.

Plaintiff also alleges that both CCA and the Bay County Sheriff's Officer have, or are currently, investigating her grievance and that at least one of those investigations "is still open." (Compl., Doc. 1 at ¶ 2). This allegation is sufficient in itself to justify dismissing the claim. *See Hudson*, 468 U.S. at 533 ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy.") Accordingly, because Plaintiff has neither alleged that Florida law does not provide a meaningful postdeprivation remedy for her losses, nor has she permitted state investigations into her alleged losses to conclude before filing suit in federal court, her § 1983 claim requires dismissal.

**B. Diversity Jurisdiction**

CCA next contends that the amount in controversy necessary to establish diversity jurisdiction was not alleged in good faith, and that this Court therefore

lacks diversity jurisdiction.  As grounds for this assertion, CCA has attached a document to the motion entitled "Corrections Corporation of America Lost/Stolen Personal Property Claim." (Doc. 5, Exh. A.)  CCA contends that the claim form, purportedly completed and signed by Plaintiff, establishes that the total value of Plaintiff's losses is $55,060.00.  Because that amount is not more than $75,000.00, the amount required by 28 U.S.C. § 1332(b) to invoke this Court's diversity jurisdiction, CCA protests Plaintiff's assertion of diversity jurisdiction.

Plaintiff moves to strike the claim form as improperly outside the pleadings. In addition, Plaintiff contends that the complaint affirmatively alleges that the value of jewelry lost was more than $100,000.00 and that this amount includes the "sentimental and emotional valuation of the jewelry," thereby satisfying the amount in controversy requirement for diversity jurisdiction.  Finally, Plaintiff asserts that even if the claim form has called into question the amount in controversy, the civil theft claim that provides for treble damages is sufficient to satisfy the amount in controversy required for diversity jurisdiction.

"Federal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins., Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  A plaintiff satisfies the amount in controversy required to invoke a federal court's jurisdiction on the basis of diversity by claiming a sufficient sum in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303 U.S. 283, 288, 58 S. Ct. 586, 82 L. Ed. 845 (1938).  To justify dismissal for lack of diversity jurisdiction on the ground that the amount in controversy requirement has not been satisfied requires that a court find "to a legal certainty that the claim is really for less than the jurisdictional amount."  *Federated Mut. Ins. Co. v. McKinnon Motors*, 329 F.3d 805, 807 (11th Cir. 2003) (*citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S. Ct. 586, 590,

82 L. Ed. 845 (1938)).

A district court has an "obligation to scrupulously enforce its jurisdictional limitations." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1272 (11th Cir. 2000).  Indeed, "a court would be remiss in its obligations if it accepted every claim of damages at face value." *Id*. (internal citations omitted).  Toward that end, "[i]n a factual attack on jurisdiction, such as in this case, the district court may consider matters outside the pleadings, and the presumption of truthfulness normally afforded a plaintiff under Rule 12(b)(1) does not apply." *Briggs v. Briggs*, 245 Fed. Appx. 934, 936 (11th Cir. 2007) (*citing Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Here, Plaintiff has not challenged the authenticity of the claim form that is central to determining the amount in controversy.  Accordingly, I find that the document is authentic and undisputed.  *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("[T]he court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed[,]" meaning that "the authenticity of the document [has] not [been] challenged.").  *See also Lockwood v. Beasley*, 211 Fed. Appx. 873, 877 (11th Cir. 2006) ("A document is undisputed if its authenticity is not challenged.").  Instead, Plaintiff seeks to have the document stricken on the ground that it is outside the pleadings.  On that basis, Plaintiff's request lacks merit.

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  In short, no presumptive truthfulness attaches to plaintiff's allegations, and the

> existence of disputed material facts will not preclude the
> trial court from evaluating for itself the merits of
> jurisdictional claims.

*Lawrence*, 919 F.2d at 1529 (*quoting Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981), *cert. denied*, 454 U.S. 897, 102 S. Ct. 396, 70 L. Ed. 2d 212 (1981)).

The claim form, completed by Plaintiff herself, unambiguously establishes that she calculated the total value of her losses to be $55,060.00. Plaintiff contends, however, that the possibility of recovering treble damages under the Florida civil theft statute, as well as damages for the sentimental and emotional value of the jewelry, increase the value of her claimed losses beyond the amount necessary to satisfy the amount in controversy required for diversity jurisdiction.

Both of Plaintiff's contentions are without merit. Initially, I note that Plaintiff has improperly pleaded her claims for civil theft and conversion in one count. *See City of Cars, Inc. v. Simms*, 526 So. 2d 119, 120-21 (Fla. 5th DCA 1988), *review denied*, 534 So. 2d 401 (Fla. 1988) (explaining the differences between civil causes of action for conversion and theft and noting the confusion caused by the plaintiff's failure to state each cause of action in a separate count as required by Florida Rule of Civil Procedure 1.110(f)). As to Plaintiff's claim for conversion, a finding that a defendant committed civil conversion under Florida law does not justify an award of treble damages. *City of Cars,* 526 So. 2d at 120; *Bertoglio v. American Sav. & Loan Assoc.*, 491 So. 2d 1216, 1217 (Fla. 3d DCA 1986).

Although treble damages may be awarded upon a finding of civil theft, civil theft requires a certain mens rea, that is, a criminal intent to steal. Fla. Stat. § 812.014(1); *City of Cars*, 526 So. 2d at 120. The required criminal intent for civil

theft exists when a person knowingly obtains or uses or attempts to obtain or use the property of another with the intent (1) to deprive the other of rights or benefits in the property, or (2) to appropriate the property of another to his or her own use or to the use of any person not entitled to it.  Fla. Stat. § 812.014(1).

Here, Plaintiff has not alleged in her complaint that CCA or its employees had a criminal intent to steal her belongings; rather, the claim for civil theft asserted in Count Two charges only that CCA and its employees failed to return Plaintiff's belongings. (Compl., Doc. 1:5 at ¶¶ 39 & 41.)  The general factual allegations in the complaint, which are incorporated by reference into Count Two, also fail to allege the mens rea required to support a claim for civil theft.  Those allegations simply charge that CCA, "as the bailee" of Plaintiff's personal property, "had a duty of care to take reasonable precautions to safeguard the Plaintiff/bailor's property" (Id. at ¶¶ 16 & 17); that "CCA as the bailee had a duty to re-deliver the personal property to the Plaintiff/bailor" (Id. at ¶  18); and that CCA failed to return Plaintiff's belongings (Id. at ¶¶ 21 & 22.)  The terms "duty of care" and "reasonable" resemble a claim for negligence.  Conspicuously absent from the complaint are allegations that CCA or its employees had the required *criminal* intent to steal.

Nor can the required criminal intent be reasonably inferred from the complaint.  The complaint fails to plead sufficient facts from which it can be "plausibly" inferred that CCA or its employees possessed the required criminal intent.  At best, the allegations suggest a "mysterious disappearance" of Plaintiff's belongings.  Plaintiff has not alleged that her belongings were not properly documented or inventoried by CCA when she was actually admitted to the jail.  In essence, the claim for civil theft is impermissibly "speculative" and fails to

"factually suggest" a "plausible entitlement to relief," as *Twombly* requires. *Twombly*, 127 S. Ct. at 1964-66 (citations omitted).  Accordingly, I find it improper to inflate the amount of loss claimed by Plaintiff on the basis of her claimed entitlement to treble damages.[3]

Plaintiff also attempts to satisfy the amount in controversy requirement by claiming entitlement to damages for the sentimental and emotional value of the jewelry.  The complaint alleges that "Plaintiff's jewelry was emotionally valuable to her because a ring and several diamonds were gifts to her from her now-deceased grandmother" and that "Plaintiff's jewelry was irreplaceable due to the sentimental value of the items and the uniqueness of the designs and jewels used therein."

In *Carye v. Boca Raton Hotel & Club Ltd. P'ship*, 676 So. 2d 1020 (Fla. 4th DCA 1996), the court held that the trial court erred in admitting testimony, and instructing the jury, on the sentimental value of missing jewelry.  *Id*. at 1022.  The Caryes had embarked on an around-the-world cruise scheduled to last six months.  *Id*. at 1020.  In preparation for the numerous social events expected on the cruise, they packed jewelry accumulated throughout their forty-eight year marriage.  *Id*.  Approximately one month into their trip, the Caryes discovered that the safe in which they had placed their jewelry was open, exposed, and empty, except for a single earring.  *Id*. at 1021.  According to the Caryes, the fair market value of the missing jewelry was $156,470.  *Id*.  Over the defendant's objection, the trial court

---

[3]Although not addressed in Plaintiff's response, I note that the complaint also requests punitive damages in Count Two.  However, the statute under which Plaintiff has asserted her claim for civil theft and conversion, Fla. Stat. § 772.11, does not permit an award of punitive damages.  *See* Fla. Stat. § 772.11(1) ("Punitive damages may not be awarded under this section.")

permitted the jury to award damages for the sentimental value of the jewelry in addition to its fair market value.  *Id.*  Although the appellate court affirmed the main appeal, it held that the trial court erred in permitting the jury to use sentimental value as a method of determining damages and stated:

> The central policy of all tort law is to place a person in a position nearly equivalent to what would have existed had the defendant's conduct not breached a duty owed to the plaintiff thereby causing injury.  *Kush v. Lloyd*, 616 So. 2d 415, 424 (Fla. 1992).  Accordingly, the proper measure of damages for the loss of personal property is the fair market value of the property on the date of the loss.  *Burtless v. Pallero*, 570 So. 2d 1140 (Fla. 4th DCA 1990). Reasonably, therefore, lost jewelry should ordinarily be valuated at its fair market value on the date of the loss.  *See Campins v. Capels*, 461 N.E.2d 712 (Ind. Ct. App. 1984).

*Id.*

The *Carye* court, however, recognized that fair market value cannot always fully compensate an injured plaintiff.  *Id.*  An exception to fair market valuation of personal property occurs "when the fair market value would be impossible or manifestly unjust to assess."  *Carye*, 676 So. 2d at 1021 (citing *Florida Pub. Utils. Co. v. Wester*, 150 Fla. 378, 7 So. 2d 788 (1942)).  In *Wester*, for example, the Florida Supreme Court addressed the proper valuation of destroyed china, pictures, and inherited furniture.  The *Wester* court stated:

> It is often impossible to place what is a current market value on such articles but the law does not contemplate that this be done with mathematical exactness.  The law guarantees every person a remedy when he has been wronged.  If the damage is to personal property as in this case, it may be impossible to show that all of it had a market value.  In fact it may be very valuable so far as the

> owner is concerned but have no value so far as the public
> is concerned.  It would be manifestly unfair to apply the test
> of market value in such cases.

*Carye*, 676 So. 2d at 1021 (*quoting Wester*, 7 So. 2d at 790).  The *Carye* court then

cited *McDonald Air Conditioning, Inc. v. John Brown, Inc.*, 285 So. 2d 697, 698

(Fla. 4th DCA 1972), which held that "the measure of damages for the loss of

personal property is market value on the date of the loss and if the item has no

market value, such as heirlooms, other sources must be used to determine value."

*Carye*, 676 So. 2d at 1021.

Applying this law to the lost or stolen jewelry in *Carye*, the court stated:

> In the instant case, the missing jewelry obviously possessed
> sentimental value, as it was accumulated over forty-eight
> years of marriage and included engagement rings, wedding
> bands and anniversary presents.  However, the jewelry also
> had a significant market value; the Caryes' own expert
> testified that the missing items were worth $156,470.
> Because the burden of proving damages rests with the
> plaintiff, we conclude that in a situation where the lost
> property has both a market value and sentimental value, as
> is the case here, the burden again rests with the plaintiff to
> prove that market valuation would be manifestly unfair.
> *See Loftin v.  Wilson*, 67 So. 2d 185 (Fla. 1953) (plaintiff
> who seeks damages for personal injuries must present proof
> affording a basis for a reasonable estimate of the amount of
> loss); *Campins*, 461 N.E.2d at 720 n.1 (burden of
> establishing lack of market value rests with plaintiff).  In
> the instant case, the Caryes failed to prove that the fair
> market value of the jewelry would not fully compensate
> them or that the assessment of fair market valuation would
> be manifestly unfair.  As such, the trial court should not
> have admitted testimony of, and instructed the jury on, the
> sentimental value of the missing jewelry.

*Id*. at 1021-22.

Applying Florida law to Plaintiff's claim of damages, I find that Plaintiff is not entitled to inflate her claimed amount of damages to include the sentimental and emotional value of missing jewelry for purposes of satisfying the amount in controversy requirement for diversity jurisdiction.  Assuming that Plaintiff's missing jewelry did possess sentimental and emotional value, as the *Carye* court did, the jewelry, consisting of "unique designs and jewels," "diamonds," and "sapphires" obviously has a significant market value.  Indeed, Plaintiff valued the jewelry at approximately $55,000.00.  Plaintiff has not alleged in the complaint, nor has she contended in her response, that the fair market value of the jewelry would not fully compensate her for her alleged losses or that it would be "manifestly unfair."  Even if the fair market value were manifestly unfair, as Plaintiff has failed to assert, Plaintiff has provided no basis to support a conclusion that the sentimental and emotional value of the jewelry would approach approximately $20,000, the difference between the more than $75,000 amount in controversy requirement and the $55,000 valuation of the jewelry.

Accordingly, because this Court lacks original jurisdiction – federal question and diversity – over Plaintiff's claims, I am required to dismiss the complaint, including the supplemental state law claims asserted by Plaintiff, for lack of subject-matter jurisdiction.  *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("The federal courts of appeals . . . have uniformly held that once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims.") (citations omitted).

## C.  Fees and Costs

CCA requests an award of attorneys' fees under Fla. Stat. § 772.11[4] and 42 U.S.C. § 1988[5].  Such an award is improper because CCA has failed to comply with N.D. Fla. Loc. R. 54.1(B)(1) & (2).  The rule requires any party seeking an award of attorneys' fees from the opposing party pursuant to any statute, contract, or law, to:

> (1) Maintain a complete, separate, and accurate record of time (to the nearest 1/10 of an hour) devoted to the particular action, recorded contemporaneously with the time expended, for each attorney and each specific activity involved in the action; and

> (2) File electronically a summary of such time record with the clerk by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.

Subsection (5) states that "[f]ailure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period."

The complaint was filed on March 19, 2008.  The last document filed by CCA, the motion to dismiss, was filed on May 8, 2008.  Not for any month between March 19, 2008, and the date of entry of this order has CCA filed the time record required by N.D. Fla. Loc. R. 54.1.  Thus, CCA is not entitled to an award

---

[4]Section 772.11 entitles the defendant to recover reasonable attorney's fees and costs upon a finding that the claimant raised a claim that was without substantial fact or legal support.

[5]Section 1988 permits the court, in its discretion, to award the prevailing party in an action brought under Section 1983 a reasonable attorney's fee as part of the costs.

of attorneys' fees.

### III.  Conclusion

Defendant's Motion to Dismiss (Doc. 5) is **GRANTED IN PART** and **DENIED IN PART** as follows:

1.  All claims alleged in the complaint (Doc. 1) are **DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION**.

2.  Defendant's request for attorneys' fees is **DENIED**.

3.  All other requests are **DENIED FOR LACK OF SUBJECT-MATTER JURISDICTION**.

**ORDERED** on June 26, 2008.

/s/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**